UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 1:21-cr-00245-AJT |
| ) | |
| IGOR Y. DANCHENKO, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT IGOR DANCHENKO'S OPPOSITION TO THE SPECIAL COUNSEL'S SECOND MOTION FOR EXTENSION TO PRODUCE CLASSIFIED DISCOVERY

Defendant Igor Danchenko, by and through counsel, hereby files his opposition to the Special Counsel's motion for an extension of the deadline by which he must produce classified discovery. Dkt. 48. In support of his opposition, Mr. Danchenko provides the following:

1. The Special Counsel chose to seek the return of Mr. Danchenko's indictment on November 3, 2021. Dkt. 1.

2. On November 10, 2021, the Special Counsel agreed to a trial date of April 18, 2022. Dkt. 13 (Minute Entry). Presumably, the Special Counsel would not have agreed to a trial date that would not have allowed him to comply with his discovery obligations.

3. On December 23, 2021, the Special Counsel filed his first motion proposing a classified discovery and CIPA schedule. Dkt. 36. In his motion, the Special Counsel *self-imposed* a March 29, 2022, deadline for the production of classified discovery. *Id*. at 1. The Special Counsel further proposed a CIPA schedule that provided Mr. Danchenko approximately 60 days from the deadline for the production of classified discovery to provide his CIPA Section 5(a) written notice. *See id*. (providing a May 27, 2022, deadline for Defendant's Section 5(a) written notice).

1

4. On January 12, 2022, the Court continued the previously scheduled April 18, 2022, trial date to October 11, 2022. In addition, the Court entered an Order adopting the Special Counsel's proposed schedule, without objection by Mr. Danchenko. Dkt. 40.

5. On March 22, 2022, the Special Counsel filed a Consent Motion to Adjourn the Classified Discovery and CIPA Schedule. Dkt. 44. In his Motion, the Special Counsel sought to extend the deadline to produce classified discovery from March 29, 2022, to May 13, 2022. *Id*. at 2. The Special Counsel's motion also sought to extend the dates for various CIPA filings and hearings. *Id*. Importantly, the Special Counsel's proposed schedule reduced the amount of time within which Mr. Danchenko had to file his Section 5(a) written notice from approximately 60 days after the close of classified discovery to approximately 40 days. *See id*. at 2 (providing a deadline of June 22, 2022, for Defendant's Section 5(a) written notice).

6. As noted, Mr. Danchenko consented to the Special Counsel's motion to extend the discovery deadline and the related CIPA deadlines. But Mr. Danchenko did so only with the belief and understanding that the Special Counsel would hold true to his word and produce all classified discovery "no later than" May 13, 2022. *See id*. at 2 ("Nevertheless, the government will produce a large volume of classified discovery this week and will continue its efforts to produce documents in classified discovery on a rolling basis, **and no later than the proposed deadlines** set forth below.") (Emphasis added). The Court granted the Special Counsel's motion. Dkt. 45.

7. On May 9, 2022, the Special Counsel filed his Second Motion to Adjourn the Classified Discovery and CIPA Schedule. Dkt. 48. In his motion, the Special Counsel now tells the Court that he can provide the outstanding classified discovery by "no later than" June 13,

2022. *See id*. at 2. He also proposes a June 29, 2022, deadline for Defendant's Section 5(a) written notice. *Id*. Therefore, the Special Counsel has essentially asked this Court to enter an Order that will now decrease Mr. Danchenko's time within which to file his Section 5(a) written notice from approximately 40 days after the close of classified discovery to approximately 22 days.

8. The Court should deny the Special Counsel's second motion to extend the classified production deadline and related CIPA filings deadlines because he has failed to make an adequate showing that he has been diligent in meeting his own proposed deadlines and his own promises to produce all classified discovery "no later than" the dates he himself previously requested. Moreover, the Special Counsel has failed to adequately explain how "recent world events" (Dkt. 48 at 2) have specifically made it impossible for him to meet his discovery obligations. While it seems unlikely that the same government officials charged with declassifying discovery are also responding to events overseas, it certainly is possible. But, even if that is the case, the Special Counsel must offer more explanation than he has, especially in light of the fact that his prior motion to extend the discovery deadline was based on the events in Ukraine, and the ongoing nature of that conflict must or should have been considered when he requested the May 13 deadline.

9. Simply put, the Special Counsel should not have indicted Mr. Danchenko if he was not prepared to meet his discovery obligations in a timely fashion. Indeed, there was no need or rush to indict Mr. Danchenko in November of 2021. The offense dates for the five counts charged in the November 3, 2021, Indictment all occurred between March and November of 2017. *See* Dkt. 1 at 37-39 (providing offense dates of June 15, 2017 (Count 1), March 16, 2017 (Count 2), May 18, 2017 (Count 3), October 27, 2017 (Count 4), and

November 16, 2017 (Count 5)). Therefore, the Special Counsel had until at least March 16, 2022, to return an indictment in order to preserve his ability to prosecute all five counts.

10. Moreover, the Special Counsel presumably believed, as early as November 10, 2021, that he could provide Mr. Danchenko with classified discovery well in advance of his then scheduled April 18, 2022, trial date.

11. Most importantly, Mr. Danchenko would be substantially prejudiced by the Special Counsel's proposed schedule because it significantly shortens the time period within which Mr. Danchenko can review any final classified productions and file his CIPA Section 5(a) notice. That is of particular concern to Mr. Danchenko because the Special Counsel has not provided sufficient notice of how much additional classified discovery may be forthcoming other than his "belie[f]" that the "bulk" of the classified discovery has already been produced. *See* Dkt. 48 at 1.

WHEREFORE based on the foregoing reasons, undersigned counsel respectfully asks this Honorable Court to deny the Special Counsel's motion. Mr. Danchenko will seek an appropriate remedy from the Court should the Special Counsel fail to comply with the May 13, 2022, deadline for producing classified discovery.

Dated: May 12, 2022                                    Respectfully submitted,

                                                        /s/ *Stuart Sears*
                                                       Stuart A. Sears (VSB 71436)
                                                       SCHERTLER ONORATO MEAD & SEARS, LLP
                                                       555 13th Street, NW
                                                       Suite 500 West
                                                       Washington, DC 20004
                                                       Ph: 202-628-4199
                                                       Fax: 202-628-4177
                                                       ssears@schertlerlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of May, 2022, I electronically filed a true copy of the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties.

                                                      /s/ *Stuart Sears*
Stuart A. Sears (VSB 71436)
SCHERTLER ONORATO MEAD & SEARS, LLP
555 13th Street, NW
Suite 500 West
Washington, DC 20004
Ph: 202-628-4199
Fax: 202-628-4177
ssears@schertlerlaw.com