UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
|    ) | Case No. 21-cr-0245-AJT |
| v.    ) | |
|    ) | |
| IGOR DANCHENKO    ) | |
|    ) | |
| Defendant.    ) | |

**PROTECTIVE ORDER PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND FEDERAL RULE OF CRIMINAL PROCEDURE 16(D)(1)**

The Court has carefully considered the Government's Supplemental *Ex Parte, In Camera* Under Seal Motion and Memorandum of Law for a Protective Order, and the materials filed therewith.

The Court finds that the Government's Supplemental Motion for a Protective Order was properly filed *ex parte, in camera*, for this Court's review, pursuant to Section Four of the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA"), and Federal Rule of Criminal Procedure 16(d)(1). The Court has conducted an *ex parte, in camera* review of the Government's classified Motion and the attached materials.

The Court finds that the "relevant and helpful" standard articulated in *United States v. Roviaro*, 353 U.S. 53 (1957), and *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989), is the appropriate standard by which to analyze whether the government must disclose in discovery classified information where, as here, the government has properly invoked the classified information privilege. To this end, the Court finds that in applying the *Roviaro/Yunis* standard,

none of the classified information referenced in the Government's motion is relevant and helpful to the defense, or that to the extent any of the classified information is relevant and helpful, the proposed summaries or substitutions properly provide that information to the defense without compromising non-discoverable sensitive sources and methods. *See, e.g.*, *In re Terrorist Bombings of U.S. Embassies in E. Afr.* ("*In re Terrorist Bombings*"), 552 F.3d 93, 124-25 (2d Cir. 2008) (approving substitution of government stipulations for otherwise helpful classified information); *United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) (upholding lower court finding that summary would provide defendant "substantially the same ability to make his defense as would disclosure of the specified classified information[.]"); *United States v. Rezaq*, 134 F.3d 1121, 1143 (D.C. Cir. 1998). The Court also finds that the withholdings authorized by this Order are consistent with the Government's discovery obligations under Federal Rule of Criminal Procedure 16, and *Brady v. Maryland*, *Giglio v. United States*, and their progeny.

On the basis of the Court's review of the arguments set forth in the Government's Motion and Memorandum of Law and the attached materials, the Court finds that the classified information referenced in the Government's Motion and Memorandum of Law implicates the Government's classified information privilege because the information is properly classified.

Based on the Court's reading of the law and the government's motion and attached materials, this Court **GRANTS** the Government's Motion for a Protective Order in its entirety.

**SO ORDERED** this $26^r$ day of _August_, 2022.

ANTHONY J. TRENGA
United States District Judge

Presented by:

JOHN H. DURHAM
Special Counsel

By:

/s/ Michael T. Keilty
Michael T. Keilty
Assistant Special Counsel
michael.keilty@usdoj.gov

Brittain Shaw
Assistant Special Counsel
brittain.shaw@usdoj.gov

Of Counsel: Adam L. Small
Trial Attorney
National Security Division
adam.small@usdoj.gov