**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:21-cr-00245-AJT** |
| | ) | |
| **IGOR Y. DANCHENKO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT IGOR DANCHENKO'S MOTION**
***IN LIMINE* TO INTRODUCE PUBLIC STATEMENTS PUBLISHED AND ADOPTED**
**BY THE UNITED STATES**

Defendant Igor Danchenko, by and through counsel, moves *in limine* to admit statements the Government made in publicly available guidance and training material posted on official Government websites to advise witnesses about how to testify and answer questions.  These statements directly contradict the illogical prosecutorial theory employed here by the Special Counsel and are relevant to and support Mr. Danchenko's defense that he did not knowingly provide false statements to the FBI.  As discussed below, these statements are admissible because they are relevant and not hearsay at all or, alternatively, because they fall into an enumerated exception to the rule against hearsay.

**BACKGROUND**

The Special Counsel's prosecution of Mr. Danchenko for false statements hinges on two arguments that are contradicted by the material published by the government concerning witness testimony and interrogation techniques.  The Special Counsel alleges (1) that Mr. Danchenko is guilty of false statements because he should have volunteered superfluous and unsolicited information to the FBI rather than answer in a precise fashion the actual targeted questions that agents asked him and (2) that Mr. Danchenko's subjective reasoning that led him to "believe" that

1

he may have spoken to Millian was designed to hinder, rather than to help investigators.  Numerous public statements by the United States directly contradict and undermine these positions and support Mr. Danchenko's defense that he interpreted investigators' questions appropriately and answered them truthfully.

First, the Government, through the United States Department of Justice has repeatedly published guidance that advises witnesses to listen carefully to the question presented, to answer ONLY the questions asked, and not to volunteer information that is not actually requested. *See, e.g.*, United States Attorney's Office for the Middle District of Pennsylvania Victim Witness Assistance, "Tips for Testifying in Court" (https://www.justice.gov/usao-mdpa/victim-witness-assistance/tips-testifying-court); United States Attorney's Office for the Western District of Wisconsin Victim/Witness Program, "Tips for Testifying" (https://www.justice.gov/usao-wdwi/victimwitness-program/tips-testifying); United States Attorney's Office for the District of Alaska, "Tips for Testifying" (https://www.justice.gov/usao-ak/tips-testifying); National Institute of Justice, "Eyewitness Evidence" (https://www.ncjrs.gov/nij/eyewitness/188678.pdf).  **Relevant Excerpts Attached as Exhibit 1.**

Second, the Department of Justice also advises witnesses not to speculate or "make up an answer" so as to avoid confusion. *Id*. Instead, the Department of Justice advises witnesses to be clear and to admit when they do not know the answer to a question. *Id*. Additionally, the Government, through the Federal Law Enforcement Training Centers, admonishes witnesses: "Learn to listen," "Make sure to carefully listen to the question presented ***before*** you answer," "It is important to answer ***only*** the question presented and then ***stop talking***," and "Do not volunteer information. If a question can be answered with a simple yes or no, just respond in that way." *See* Federal Law Enforcement Training Centers Training Video, "Introduction and Basic Witness

Skills" at 4:05 – 5:30 (https://www.fletc.gov/video/introduction-and-basic-witness-skills) (emphasis added). Second, the Federal Law Enforcement Training Centers also advises witnesses ***not to speculate*** because their testimony should be based upon their personal knowledge. *Id*.

The Government published and endorsed these statements in official training materials and publicly available guidance on official Government websites. These statements are admissible and directly relevant to the prosecutorial theory espoused by the Special Counsel. They are also not only relevant but fundamental to Mr. Danchenko's defense.

## ARGUMENT

To be relevant, evidence must have a tendency to make a fact more or less probable, and that fact must be of consequence in determining the action. Fed. R. Evid. 401. "The governing hypothesis of any criminal prosecution, for the purpose of determining relevancy of evidence introduced, consists of elements of the offense charged and any relevant defenses raised to defeat criminal liability." *United States v. Walker*, 32 F4.th 377, 388 (4th Cir. 2022) (internal citations and questions omitted).

In addition to being relevant, there is no viable hearsay objection to admissibility of the evidence at issue here – public statements by the United States Government on official websites. The hearsay rules are designed to exclude ***unreliable*** out of court statements offered for their truth. *Hemphill v. New York*, 142 S. Ct. 681, 693 (2022) (citing Fed. R. Evid. 802). The Special Counsel cannot credibly argue that official Government guidance is unreliable or somehow unattributable to the United Sates. Moreover, the evidentiary rules define various categories of evidence that are not hearsay along with multiple enumerated exceptions to the general prohibition against hearsay. *See* Fed. R. Evid. 801-807. Statements made by the Government in public guidance and training materials to advise witnesses how to testify and answer questions are admissible because they are

3

either not hearsay at all or, alternatively, they fall into an enumerated exception to the rule against hearsay.

A statement is not hearsay if it is not offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Here, Mr. Danchenko does not seek to litigate the truth or falsity of the statements made by the Government in its public guidance and training materials. Instead, Mr. Danchenko intends to proffer the statements to demonstrate that the Government published and adopted the statements and that those statements contradict the prosecutorial theory presented by the Special Counsel in this case. *Bland v. Fairfax Cnty., Va.*, 2011 WL 2490995, at *4 (E.D. Va. June 20, 2011) (citing *United States v. Ayala,* 601 F.3d 256, 272 (4th Cir.2010); *Anderson v. United States,* 417 U.S. 211, 220 n. 8 (1974)) (noting that evidence is not hearsay when it is only used to prove that a prior statement was made and not to prove the truth of the statement).

Similarly, a statement by an opposing party is not hearsay. Fed. R. Evid. 801(d)(2); *United States v. Williams*, 445 F.3d 724, 735 (4th Cir. 2006); *United States v. Beltre*, 188 F.3d 503 (4th Cir. 1999); *Walden v. Seaworld Parks & Ent., Inc.*, 2012 WL 4050176, at *2 (E.D. Va. May 31, 2012) (reflecting that statements by a party opponent are expressly excluded from the definition of hearsay and are admissible against the party that made the statement). A statement or admission is admissible against the party who made the statement or admission, including both the United States and the Department of Justice. *See, e.g.*, *United States v. Morgan*, 581 F.2d 933, 937 n.10 (D.C. Cir. 1978) (holding that "the Federal Rules clearly contemplate that the federal government is a party-opponent of the defendant in criminal cases"); *United States v. Kattar*, 804 F.2d 118, 131 (1st Cir. 1988); *United States v. Ravenell*, No. CV 1:19-CR-0449, 2021 WL 5882916, at *1 (D. Md. Dec. 10, 2021) (recognizing that a defendant is a party-opponent to the United States). Specifically, statements made by government officials on matters within the scope of their

employment are admissible against the United States.  *See, e.g., United States v. Barile*, 286 F.3d 749, 758 (4th Cir. 2002).  This rule protects the integrity of the judicial system by holding parties accountable for statements and admissions they have adopted.  *See* Fed. R. Evid. 801(d)(2).  *See also United States v. GAF Corp.*, 928 F.2d 1253, 1259 (2d Cir. 1991) (noting that to allow otherwise would invite abuse and sharp practice but would also weaken confidence in the justice system by denying the function of trials as truth-seeking proceedings).

Finally, Federal Rule of Evidence 803(8) creates an exception to the rule against hearsay that allows statements of a public office, like the official training materials and guidance at issue here, to be admitted. *See* Fed. R. Evid. 803(8).

Here, the proffered evidence is relevant to the core issues before the jury. And it would be disingenuous for the Special Counsel to try to persuade the jury that Mr. Danchenko's answers to the Government's specific and targeted questions required him to volunteer information or evidence that was not asked of him. The Department of Justice has adopted and publicized multiple statements in official training materials and guidance advising that a witness should only answer the specific question asked and not volunteer additional information. To avoid confusion, the United States also advises witnesses not to speculate or provide information that is beyond their personal knowledge. Now, in a misguided effort to transform Mr. Danchenko's literally true answers to specific questions into false statements, the Special Counsel wants the jury to disregard the instructions and guidance that the United States publicly endorses and provides to witnesses about testifying and answering questions.

That guidance contradicts the Special Counsel's entire theory in this case, both with respect to the answers Mr. Danchenko provided about Dolan and Millian.  Indeed, in defending against Mr. Danchenko's motion to dismiss the Indictment, the Special Counsel argued that when the FBI

asked Mr. Danchenko whether he "talked" to Dolan, he had an obligation to volunteer unrequested information, such as email correspondence with Dolan, even though Mr. Danchenko truthfully answered the specific and unambiguous questions the agents asked him.  Mr. Danchenko gave truthful answers based on his knowledge and understanding and did not inject speculation or conjecture beyond what the agents asked and what he knew based upon his own personal experience.  Moreover, with regard to Millian, the FBI was aware that Mr. Danchenko received a phone call from an anonymous caller who never identified himself.  Contrary to the government's own instructions to witnesses, the FBI agents encouraged and allowed Mr. Danchenko to speculate about who he believed was the anonymous caller and why.  Based on the context and timing of the phone call, Mr. Danchenko explained that he suspected, but was not sure, that the anonymous caller was Millian.  Thus, the government engaged Mr. Danchenko in the very same practice it proactively discourages witnesses from engaging in.

The public statements by the Government are not hearsay because Mr. Danchenko does not offer them to prove their truth and because they are statements made and adopted by a party-opponent.  Alternatively, the statements qualify under the public records exception to the rule against hearsay.  Accordingly, the evidentiary rules operate to allow Mr. Danchenko to proffer these statements against the Government to contradict and argue against the tenuous prosecutorial theory proffered by the Special Counsel.

**CONCLUSION**

Based on the foregoing, Defendant Igor Danchenko respectfully requests that this Court permit Mr. Danchenko to admit certain published statements by the United States regarding official guidance and training the United States provides to witnesses about how to testify and answer questions.

Dated: October 3, 2022                     Respectfully submitted,


_____/s/_____
Stuart A. Sears (VSB 71436)
SCHERTLER ONORATO MEAD & SEARS, LLP
555 13th Street, NW
Suite 500 West
Washington, DC 20004
Ph: 202-628-4199
Fax: 202-628-4177
ssears@schertlerlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 3, 2022, I electronically filed a true and accurate copy of the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties.

_____/s/_____
Stuart A. Sears (VSB 71436)
SCHERTLER ONORATO MEAD & SEARS, LLP
555 13th Street, NW
Suite 500 West
Washington, DC 20004
Ph: 202-628-4199
Fax: 202-628-4177
ssears@schertlerlaw.com
