# Exhibit 1

1.      Alaska USAO: "Tips for Testifying" (2020)



United States Department of Justice    Offices of the United States Attorneys



THE UNITED STATES ATTORNEY'S OFFICE

# DISTRICT *of* ALASKA

U.S. Attorneys » District of Alaska

# Tips for Testifying

Contact Information | The Federal System | General Logistics

Victim Information | Witness Information | Case Updates

Cyber Crimes Case Updates

Grand Jury Witness Information

Frequently Asked Questions

Logistics

Tips for Testifying

**REFRESH YOUR MEMORY**

Before you testify, try to picture the scene, the objects, the area, the distances and exactly what happened. This will assist you in recalling the facts more accurately when asked a question. If the question is about distances or time, and if your answer is only an estimate, be sure you say it is only an estimate. Beware of suggestions by attorneys as to distance or times when you do not recall the actual time or distance. Do not agree with their estimate unless you independently arrive at the same estimate.

**SPEAK IN YOUR OWN WORDS**

Don't try to memorize what you are going to say. Doing so will make your testimony sound "pat" and unconvincing, instead, be yourself. Prior to trial go over in your own mind those matters about which you will be questioned.

**SPEAK CLEARLY**

Present your testimony clearly, slowly, and loud enough so the juror farthest away can easily hear and understand everything you say. Avoid distracting mannerisms such as





chewing gum while testifying. Although you are responding to the questions of a lawyer, remember that the questions are really for the jury's benefit. Additionally, smoking is not allowed.

**APPEARANCE IS IMPORTANT**

A neat appearance and proper dress in court are important. The trouble with an appearance that seems very casual or very dressy is it will distract the jury during the brief time you're on the stand and they won't concentrate on your testimony.

**DO NOT DISCUSS THE CASE**

Jurors who are or will be sitting on the case in which you are a witness may be present in the same public areas you will be. For that reason, you MUST NOT discuss the case with anyone.  Remember too, jurors may have an opportunity to observe how you act outside of the courtroom.

**BE A RESPONSIBLE WITNESS**

When you are called into court for any reason, be serious. Avoid saying anything about the case until you are actually on the witness stand.

**BEING SWORN IN AS A WITNESS**

When you are called to testify, you will first be sworn in. When you take the oath, stand up straight, pay attention to the clerk, and say **"I do"** clearly.

**TELL THE TRUTH**

Most important of all, you are sworn to **TELL THE TRUTH**. Tell it. Every true fact should be readily admitted. Do not stop to figure out whether your answer will help or hurt either side. Just answer the questions to the best of your memory.

**DO NOT EXAGGERATE**

Don't make overly broad statements you may have to correct. Be particularly careful in responding to a question that begins, "Wouldn't you agree that…?" The explanation should be in your own words. Do not allow an attorney to put words in your mouth.

**LISTEN CAREFULLY TO AVOID CONFUSION**

When a witness gives testimony, he/she is first asked some questions by the lawyer who called him/her to the stand. For you, this is an Assistant U.S. Attorney. The questions asked are for the purpose of "direct examination." When you are questioned by the opposing attorney, it is called "cross examination." This process is sometimes repeated several times in order to clearly address all aspects of the questions and answers. The basic purpose of direct examination is for you to tell the judge and jury what you know about the case. The basic purpose of cross examination is to raise doubts about the accuracy of your testimony. Don't get mad if you feel you are being doubted during the cross examination. The defense counsel is just doing their job.

**DO NOT LOSE YOUR TEMPER**

A witness who is angry may exaggerate or appear to be less than objective or emotionally unstable. Keep your temper. Always be courteous, even if the lawyer

proliferation of sexual exploitation crimes against children.

LEARN MORE

questioning you appears discourteous. Don't appear to be a "wise guy" or you will lose the respect of the judge and jury.

## RESPOND ORALLY TO THE QUESTIONS

Do not nod your head for a "yes" or "no" answer. Speak aloud so the court reporter or recording device can hear and record your answer.

## THINK BEFORE YOU SPEAK

Listen carefully to the questions you are asked. If you don't understand the question, have it repeated, then give a thoughtful, considered answer. **DO NOT GIVE AN ANSWER WITHOUT THINKING**. While answers should not be rushed, neither should there be any unnaturally long delay to a simple question if you know the answer.

## EXPLAIN YOUR ANSWER

Explain your answer if necessary. Give the answer in your own words, and if a question can't be truthfully answered with a "yes" or "no," it's O.K. to explain your answer.

## CORRECT YOUR MISTAKES

If your answer was not correctly stated, correct it immediately. If your answer was not clear, clarify it immediately. It is better to correct a mistake yourself than to have the attorney discover an error in your testimony. If you realize you have answered incorrectly, say, "May I correct something I said earlier?" Sometimes witnesses give inconsistent testimony - something they said before doesn't agree with something they said later. If this happens to you, don't get flustered. Just explain honestly why you were mistaken. The jury, like the rest of us, understands people make honest mistakes.

## DO NOT VOLUNTEER INFORMATION

Answer ONLY the questions asked of you. Do not volunteer information not actually asked for. Additionally, the judge and the jury are interested in the facts you have observed or personally know about. Therefore, don't give your conclusions and opinions, and don't state what someone else told you, unless you are specifically asked.

## DON'T SET YOURSELF UP FOR ERROR

Unless certain, don't say "That's all of the conversation" or "Nothing else happened." Instead say, "That's all I recall," or "That's all I remember happening." It may be after more thought or another question, you will remember something important.

## OBJECTIONS BY COUNSEL

Stop speaking instantly when the judge interrupts you or when an attorney objects to a question.  Wait for the judge to tell you to continue before answering any further.

## BE POSITIVE AND CONFIDENT

Give positive, definite answers when at all possible. Avoid saying, "I think," "I believe," or "In my opinion" if you can answer positively. If you do know, then say so. You can

be positive about important things which you would naturally remember. If you are asked about little details which a person naturally would not remember, it is best just to say so if you don't remember.  Don't make up an answer.

**FOLLOW COURTROOM RULES**

When being questioned by defense counsel, don't look at the Assistant U.S. Attorney or at the Judge for help in answering the question. If the question is improper, the Assistant U.S. Attorney will object. If a question is asked and there is no objection, answer it. Never substitute your ideas of what you believe the rules of evidence are.

**TALKING TO OTHERS ABOUT CASE**

Sometimes an attorney may ask this question: "Have you talked to anybody about this case?" If you say "no," the judge knows that doesn't seem right, because a prosecutor usually tries to talk to a witness before he/she takes the stand and many witnesses have previously talked to one or more police officers, or federal law enforcement agents.  It is perfectly proper for you to have talked with the prosecutor, police or family members before you testify, and you should, of course, respond truthfully to this question. Say very frankly you have talked with whomever you have talked with— the Assistant U.S. Attorney, the victim, other witnesses, relatives and anyone else whom you have spoken with. The important thing is you tell the truth as clearly as possible.

**DO NOT DISCUSS YOUR TESTIMONY**

After a witness has testified in court, he/she should not tell other witnesses what was said during the testimony until after the case is completely over. Thus, do not ask other witnesses about their testimony and do not volunteer information about your own testimony.

## RECAP

- **REFRESH YOUR MEMORY**
- **SPEAK IN YOUR  OWN WORDS & SPEAK  CLEARLY**
- **APPEARANCE IS IMPORTANT**
- **DO NOT DISCUSS  THE CASE**
- **BE A RESPONSIBLE WITNESS**
- **BEING SWORN IN AS A WITNESS-STAND TALL & RAISE YOUR HAND**
- **TELL THE TRUTH & DO NOT  EXAGGERATE**
- **LISTEN CAREFULLY TO  AVOID CONFUSION**
- **DO NOT LOSE  YOUR TEMPER**
- **RESPOND ORALLY TO THE QUESTIONS**
- **THINK BEFORE YOU SPEAK**
- **EXPLAIN YOUR ANSWER**
- **CORRECT YOUR MISTAKES**
- **DO NOT VOLUNTEER**
- **DON'T SET YOURSELF UP FOR ERROR**
- **QUIT SPEAKING WHEN COUNSEL OBJECTS**
- **BE POSITIVE AND CONFIDENT**
- **FOLLOW COURTROOM RULES**

- **IF ASKED, BE HONEST ABOUT TALKING TO OTHERS ABOUT THE CASE**
- **DO NOT DISCUSS YOUR TESTIMONY**

Updated February 5, 2020

---

Was this page helpful?

Yes     No

| HOME | ABOUT | NEWS | MEET THE U.S. ATTORNEY | DIVISIONS | PROGRAMS | CONTACT US |
|------|-------|------|------------------------|-----------|----------|------------|

**DIVISIONS**

Administrative
Civil Division
Criminal Division

**PROGRAMS**

Reentry Program
LECC
Project Safe Childhood
Project Safe Neighborhoods
Victim Witness Assistance
Law Student Internships

U.S. DEPARTMENT OF JUSTICE

Accessibility     Justice.gov

FOIA              USA.gov

Privacy Policy    Vote.gov

Legal Policies & Disclaimers

2. Pennsylvania USAO: "Tips for Testifying"



United States Department of Justice

Offices of the United States Attorneys

THE UNITED STATES ATTORNEY'S OFFICE

MIDDLE DISTRICT *of* PENNSYLVANIA

U.S. Attorneys » Middle District of Pennsylvania » Programs » Victim Witness Assistance

# Tips For Testifying In Court

## VICTIM WITNESS

In-court testimony from those who have knowledge of or are victims of a crime is crucial for our criminal justice system.  We thank you for your cooperation with our office and for your service as a witness.  We appreciate the sacrifice of your time that being a witness requires.  We hope that the following tips will help you if you are called upon to be a witness in court:

### Refresh Your Memory

Before you testify, try to picture the scene, the objects there, the distances and exactly what happened.  This will assist you in recalling the facts more accurately when asked a question.  If the question is about distances or time, and if your answer is only an estimate, make sure you say it is only an estimate.  Beware of suggestions by attorneys as to distance or times when you do not recall the actual time or distance.  Do not agree with their estimate unless you independently arrive at the same estimate.

### Speak In Your Own Words

Don't try to memorize what you are going to say.  Doing so will make your testimony sound "pat" and unconvincing.  Instead, be yourself, and prior to trial go over in your own mind the matter about which you will be questioned.

### Appearance Is Important

A neat appearance and proper dress in court are important.  An appearance that seems very casual or very dressy will distract the jury during the brief time you're on the stand, and the jury may not pay attention to your testimony.

### Speak Clearly

Present your testimony clearly, slowly, and loud enough so that the juror farthest away can easily hear and understand everything you say.  Avoid distracting mannerisms such as chewing gum while testifying.  Although you are responding to the questions of a lawyer, remember that the questions are really for the jury's benefit.









**Do Not Discuss the Case**

Jurors who are or will be sitting on the case in which you are a witness may be present in the same public areas where you will be. For that reason, you MUST NOT discuss the case with anyone. Remember too, that jurors may have an opportunity to observe how you act outside of the courtroom.

**Be A Responsible Witness**

When you are called into court for any reason, be serious, avoid laughing, and avoid saying anything about the case until you are actually on the witness stand.

**Being Sworn In As A Witness**

When you are called to testify, you will first be sworn in. When you take the oath, stand up straight, pay attention to the clerk, and say "I do" clearly.



**Tell the Truth**

Most important of all, you are sworn to TELL THE TRUTH. Tell it. Every true fact should be readily admitted. Do not stop to figure out whether your answer will help or hurt either side. Just answer the questions to the best of your memory.

**Do Not Exaggerate**

Don't make overly broad statements that you may have to correct. Be particularly careful in responding to a question that begins, "Wouldn't you agree that...?". The explanation should be in your own words. Do not allow an attorney to put words in your mouth.



**Listen Carefully To Avoid Confusion**

When a witness gives testimony, (s)he is first asked some questions by the attorney who called him/her to the stand. For you, this is an Assistant United States Attorney (AUSA). The questions asked are for the purpose of "direct examination". When you are questioned by the opposing attorney, it is called "cross examination". This process is sometimes repeated several times in order to clearly address all aspects of the questions and answers. The basic purpose of direct examination is for you to tell the judge and jury what you know about the case. The basic purpose of cross examination is to raise doubts about the accuracy of your testimony. Don't get mad if you feel you are being doubted during the cross examination. The defense attorney is just doing their job.



**Do Not Lose Your Temper**

A witness who is angry may exaggerate or appear to be less than objective, or emotionally unstable. Keep your temper. Always be courteous, even if the attorney questioning you appears discourteous. Don't appear to be a "wise guy" or you will lose the respect of the judge and jury.



**Respond Orally To The Questions**

Do not nod your head for a "yes" or "no" answer. Speak aloud so that the court

reporter or recording device can hear and record your answer.



## Think Before You Speak

Listen carefully to the questions you are asked.  If you don't understand the question, have it repeated, then give a thoughtful, considered answer.  DO NOT GIVE AN ANSWER WITHOUT THINKING.  While answers should not be rushed, neither should there be any unnaturally long delay to a simple question if you know the answer.

## Explain Your Answer

Explain your answer if necessary.  Give the answer in your own words, and if a question can't be truthfully answered with a "yes" or "no", it's okay to explain your answer.

## Correct Your Mistakes

If your answer was not correctly stated, correct it immediately.  If your answer was not clear, clarify it immediately.  It is better to correct a mistake yourself than to have the attorney discover an error in your testimony.  If you realize you have answered incorrectly, say, "May I correct something I said earlier?"  Sometimes witnesses give inconsistent testimony – something they said before doesn't agree with something they said later.  If this happens to you, don't get flustered.  Just explain honestly why you were mistaken.  The jury, like the rest of us, understands that people make honest mistakes.

## Do Not Volunteer Information

Answer ONLY the questions asked of you.  Do not volunteer information that is not actually asked for.  Additionally, the judge and the jury are interested in the facts that you have observed or personally know about.  Therefore, don't give your conclusions and opinions, and don't state what someone else told you, unless you are specifically asked.

## Don't Set Yourself Up For Error

Unless certain, don't say "That's all of the conversation" or "Nothing else happened".  Instead say, "That's all I recall," or "That's all I remember happening".  It may be that after more thought or another question, you will remember something important.

## Objections By Counsel

Stop speaking instantly when the judge interrupts you, or when an attorney objects to a question.  Wait for the judge to tell you to continue before answering any further.

## Be Positive and Confident

Give positive, definite answers when at all possible.  Avoid saying, "I think", "I believe", or "In my opinion" if you can answer positively.  If you do know, then say so.  You can be positive about important things which you would naturally remember.  If you are asked about little details which a person naturally would not remember, it is best just to say so if you don't remember.  Don't make up an answer.

## Follow Courtroom Rules

When being questioned by defense counsel, don't look at the AUSA or at the judge for

help in answering the question.  If the question is improper, the AUSA will object.  If a question is asked and there is no objection, answer it.  Never substitute your ideas of what you believe the rules of evidence are.

## Talking To Others About Case

Sometimes an attorney may ask this question:  "Have you talked to anybody about this case?"  If you say "no", the judge knows that doesn't seem right, because a prosecutor usually tries to talk to a witness before (s)he takes the stand and many witnesses have previously talked to one or more police officers, or federal law enforcement agents.  It is perfectly proper for you to have talked with the prosecutor, police, or family members before you testify, and you should, of course, respond truthfully to this question.  Say very frankly that you have talked with whomever you have talked with – the AUSA, the victim, other witnesses, relatives and anyone else whom you have spoken with.  The important thing is that you tell the truth as clearly as possible.

## Do Not Discuss Your Testimony

After a witness has testified in court, (s)he should not tell other witnesses what was said during the testimony until after the case is completely over.  Thus, do not ask other witnesses about their testimony and do not volunteer information about your own testimony.

Updated April 22, 2015

Was this page helpful?

Yes     No

HOME   ABOUT       NEWS   U.S.           DIVISIONS   PROGRAMS   JOBS   CONTACT
                                   ATTORNEY                                      US

       About the                                        Community
       Office                                           Outreach

       About the                                        LECC
       District
                                                        Project Safe
       About                                            Childhood
       Investigative
       Agencies                                         Project Safe
                                                        Neighborhoods

                                                        Victim
                                                        Witness
                                                        Assistance

U.S. DEPARTMENT OF
JUSTICE

Accessibility        Justice.gov

FOIA                 USA.gov

Privacy Policy       Vote.gov

Legal Policies &
Disclaimers

3.     Wisconsin USAO: "Tips for Testifying" (2020)



THE UNITED STATES ATTORNEY'S OFFICE

EASTERN DISTRICT *of* WISCONSIN

<u>U.S. Attorneys</u> » <u>Eastern District of Wisconsin</u> » <u>Programs</u> » <u>Victim Witness Assistance</u> » <u>Coming to Court</u>

# TIPS FOR TESTIFYING IN FEDERAL COURT United States Department of Justice

1. A neat and clean appearance is very important for court. You should be comfortable, yet appropriately dressed for court (i.e., no hats, shorts, etc.). Avoid distracting mannerisms such as chewing gum.

2. Make sure that all electronic devices (cell phone, Blackberry etc.) are turned off before entering the courtroom. Cameras, including camera phones, are strictly forbidden in the courtroom.

3. Jurors who are, or will be, sitting on the case in which you are a witness may be present in the same public areas as you. For that reason, you should not discuss the case with anyone. Remember, too, that jurors may have the opportunity to observe how you act outside of the courtroom. If you see a juror, you are not allowed to speak to the juror, even to say hello.

4. When you are called to testify, you will first be sworn in. When you take the oath, pay attention to the clerk, and say "I do" clearly.

5. When a witness gives testimony, he/she is first asked some questions by the lawyer calling him or her to the stand; in your case, this is an Assistant United States Attorney. This is called the "direct examination." Then, the witness is questioned by the opposing lawyer (the defense counsel) in "cross examination." (Sometimes the process is repeated two or three times to help clear up any confusion.) The basic purpose of direct examination is for you to tell the judge and jury what you know about the case. The basic purpose of cross examination is to explore the accuracy of your testimony. Don't get mad if you feel you are being doubted in cross examination. DO NOT LOSE YOUR TEMPER. An angry or impolite witness will probably not be believed. Always be polite and courteous.

6. An "objection" is a legal term that means one of the attorneys feels you are being asked an improper kind of question. When you hear a lawyer say "objection," simply stop speaking and wait for the judge to rule on the objection. If the judge decides the question is proper, he/she will "overrule" the objection. If the judge decides the question is not proper, he/she will "sustain" the objection. You will be told either by the judge or the attorney whether to answer that question or another question.

7. Whenever you are asked a question, listen to the whole question before you start to answer. Make sure you understand the question and then give your answer. If you do not understand the question or if you want it repeated, say so.

8. A "sidebar" is when the judge and the attorneys meet at the judge's bench to discuss various matters, including technical disputes over the Federal Rules of Evidence. They meet at the judge's bench so the jury cannot hear their discussion.

9. Before you testify, try to picture the scene, the objects there, the distances, and exactly what happened so that you can recall the facts more accurately when you are asked. If the question is about distances or time, and if your answer is only an estimate, be sure you say it is only an estimate. Beware of suggestions by attorneys as to distances or times when you do not recall the actual time or distance. Do not agree with their estimate unless you independently arrive at the same estimate.

10. Speak in your own words. Don't try to memorize what you are going to say. Doing so will make your testimony sound rehearsed and unconvincing. Instead, be yourself, and prior to trial go over in your own mind those matters about which you will be questioned.

11. Most important of all, you are sworn to tell the truth. Tell it. Every true fact should be readily admitted. Do not stop to figure out whether your answer will help or hurt either side. As a witness you are expected to be an impartial spokesperson for the facts as you know them.

12. Try to answer questions by stating what you saw or heard. You should not give an opinion unless you are asked to do so. You should not say what somebody else saw or heard unless you are asked.

13. Give positive, definite answers when at all possible. Avoid saying, "I think," "I believe," or "In my opinion," if you can be positive. If you do know, say so. Don't make up an answer. Be positive about things which you remember. If you are asked about details which you do not remember, simply say you don't remember.

14. You should answer only the questions asked and not volunteer information.

15. Unless you are sure, don't say "that's all of the conversation," or "nothing else happened". Instead, say "that's all I recall," or "that's all I remember happening". It is possible that after more thought or another question, you will remember something important.

16. The court reporter must be able to hear all your answers, so please don't nod your head for a "yes" or "no" answer. Speak loudly and clearly. Also, you will sound best if you don't use words like "yah", "nope", and "uh-huh".

17. When you answer a question, you may find it easiest to simply look at the person who asked the question. Use the same tone and effort when answering questions from both sides.

18. Do not exaggerate. Don't make overly broad statements that you may have to correct. Be particularly careful in responding to a question that begins, "Wouldn't you agree that ...?". The explanation should be in your own words. Do not allow an attorney to put words in your mouth.

19. Listen carefully to the questions you are asked. Understand the question, have it repeated if necessary, then give your answer.

20. If your answer was not correctly stated, correct it immediately. If your answer was not clear, clarify it immediately. It is better to correct a mistake yourself than to have the attorney discover an error in your testimony. If you realize you have answered incorrectly, say, "May I correct something I said earlier?"

21. Sometimes, witnesses give inconsistent testimony--something they said before doesn't agree with something they said later. If this happens to you, don't get flustered. Just explain honestly why you were mistaken. The jury, like the rest of us, understands that people make honest mistakes.

22. Sometimes an attorney may ask if you have talked to anybody about the case. It is perfectly proper for you to have talked to people before you testified, and you should, of course, respond truthfully to this question.

23. After you have completed testifying, you should not tell other witnesses what was said during your testimony until after the case is completed. Thus, do not ask other witnesses about their testimony and do not volunteer information about your own. Once you have been formally excused as a witness, you are free to go. Remember to fill out the witness voucher so you may be reimbursed.

Remember to arrive at the courthouse at the designated time so that you will have a chance to discuss your testimony with the prosecutor and/or investigator prior to the hearing.

Please let us know of any change in your address or telephone number.

4.DOJ Institute of Justice: "Eyewitness Evidence: A Trainer's Manual for Law Enforcement (2003)

**U.S. Department of Justice**
Office of Justice Programs
*National Institute of Justice*



SEPT. 03



*NIJ*

Special    **REPORT**





Eyewitness Evidence: A Trainer's Manual for Law Enforcement

**U.S. Department of Justice**
**Office of Justice Programs**
810 Seventh Street N.W.
Washington, DC 20531

**John Ashcroft**
*Attorney General*

**Deborah J. Daniels**
*Assistant Attorney General*

**Sarah V. Hart**
*Director, National Institute of Justice*

This and other publications and products of the U.S. Department
of Justice, Office of Justice Programs, National Institute of Justice
can be found on the World Wide Web at the following site:

**Office of Justice Programs**
**National Institute of Justice**
*http://www.ojp.usdoj.gov/nij*

# Eyewitness Evidence:

## A Trainer's Manual for Law Enforcement

Developed by the

Technical Working Group for Eyewitness Evidence

September 2003

👁 *Allowing pauses.* It is important to allow for pauses after the witness stops speaking and before continuing to the next question. These periods of silence allow the witness to collect his/her thoughts and continue responding, thereby providing a greater amount of information.

## Facilitation of the Witness's Memory and Thinking

Much of the information about the incident is stored in the witness's mind. For the witness to remember these events, he/she must concentrate and search through memory efficiently. The interviewer can promote information retrieval in several ways:

👁 *Minimize distractions.* The interviewer should ensure that physical distractions, such as noise or the presence of other persons, are minimized. In addition, the interviewer can encourage the witness to block out these distractions by closing his/her eyes and concentrating on the memory.

👁 *Encourage the witness to mentally recreate the incident.* The interviewer can promote the witness's efficient recollection of the incident by instructing the witness to mentally recreate the circumstances surrounding the incident (e.g., think about his/her thoughts or feelings at the time of the incident).

👁 *Tailor questions to the witness's narrative.* Because the witness is the source of information, the interviewer's questions should be tailored to the witness's current thoughts and narrative. For example, if the witness is thinking or talking about the perpetrator's face, the questions should be about the face and not about other aspects of the incident, such as a license plate.* The interviewer should try to understand what aspect of the incident the witness is thinking about. Based on this inference, the interviewer should ask an open-ended question about that topic and then follow up with nonleading, closed-ended questions related to that topic. A closed-ended question is specific and limits the witness's response to one or two words (e.g., "How tall was he?"). When asking closed-ended questions, the interviewer must ensure that the questions are nonleading. A leading question suggests an answer to the witness (e.g., "Was his hair blond?").

## Communication Between the Interviewer and Witness

The interviewer has investigative needs to solve the crime and the witness possesses relevant knowledge about the details of the crime. Both individuals need to communicate to each other this information. Otherwise, information may not be fully or effectively reported.

**Play Audio Cut 8 (example of good technique)**

Conduct role-playing exercises focusing on social dynamics and get feedback.

**Show Slide 30**

**\* Play Audio Cut 9 (example of poor technique)**

Conduct role-playing exercises focusing on facilitation of the witness's memory and thinking and get feedback.

**Show Slide 31**

The interviewer should convey investigative needs (i.e., the types of information he/she is looking for) to the witness. The investigator needs the witness to report the event in more detail than would be conveyed in normal conversation. The investigator should explain this need for detail to the witness to ensure the witness is fully aware of how to provide the description.

Witnesses may have a very good memory of the incident but fail to communicate the knowledge effectively. Therefore, the interviewer should try to facilitate the witness's conversion of memory into effective communication. This can be accomplished by encouraging nonverbal responses (e.g., drawings, gestures) to supplement verbal descriptions as appropriate. The interviewer should also encourage the witness to report all information and not edit his/her thoughts. However, the witness should be cautioned not to guess simply to please the interviewer. It is preferable that the witness state, "I don't know," or indicate that he/she is uncertain about a given answer.

**Conduct role-playing exercises focusing on communication and get feedback.**

**Show Slide 32**

## Sequence of the Interview

To be effective in obtaining the maximum amount of information from a witness, the interview should be conducted in stages. The structure of the interview is first designed to calm the witness and gain his/her trust. The interview should continue with general instructions provided by the interviewer, followed by the witness's narrative, and then relevant, probing questions by the interviewer. (Note: Ideally, information should be gathered using primarily open-ended questions. More specific, closed-ended questions should be used only when the witness fails to provide a clear or complete response.) The interview is then closed, leaving lines of communication open between the interviewer and witness.

The following is an example of a sequence to conduct the interview:

1. Attempt to minimize the witness's anxiety.

2. Establish and maintain rapport.

3. Encourage the witness to take an active role in the interview.

4. Request a "free narrative" description of the incident.

5. Ask the witness to mentally recreate the circumstances of the incident.

6. Ask followup questions to elicit additional information related to the witness's narration.

7. Review your notes and other materials.

8. Ask the witness, "Is there anything else I should have asked you?"

9. Close the interview.

To review, the course structure should be based on the concepts described above and follow the outline: Social Dynamics, Memory/Thinking, Communication, and Sequence. At the end of each of the four sections, role-playing exercises should be conducted. Following are the key interviewing procedures as they appear in the *Guide*.

**Principle:** Interview techniques can facilitate witness memory and encourage communication both during and following the interview.

**Policy:** The investigator should conduct a complete, efficient, and effective interview of the witness and encourage postinterview communication.

**Procedure:** During the interview, the investigator should—

1. Encourage the witness to volunteer information without prompting.

   👁 This allows the witness to maintain an active role in the interview. Unprompted responses tend to be more accurate than those given in response to an interviewer's questioning. Use a structured format (e.g., fill-in-the-blank form) only after you have collected as much information as possible from open-ended questions.

2. Encourage the witness to report all details, even if they seem trivial.

   👁 Sometimes the witness may withhold relevant information because he/she thinks it is unimportant or out of order. All information the witness provides is important.

3. Ask open-ended questions (e.g., "What can you tell me about the car?") and augment with closed-ended, specific questions (e.g., "What color was the car?").

   👁 Open-ended questions allow the witness to play an active role, thereby generating a greater amount of unsolicited information. Open-ended responses also tend to be more accurate and promote more effective listening on the part of the interviewer. The interviewer also is less likely to lead the witness when framing questions in this manner. Ideally, information should be gathered using primarily open-ended questions. More specific, closed-ended questions should be used only when the witness fails to provide a clear or complete response.

4. Avoid leading questions (e.g., "Was the car red?").

   👁 Leading questions suggest an answer and may distort the witness's memory.

Conduct role-playing exercises or practice interviews and get feedback. Use civilians as witnesses when possible.

**Show Slide 33**

**Show Slide 34:** Reiterate the importance of using primarily open-ended questions.

C. Conducting the Interview

| | |
|---|---|
| **Show Slide 35** | 5. Caution the witness not to guess. |
| | 👁 Witnesses, particularly child witnesses, may guess in an attempt to please the interviewer. Instruct the witness to state any uncertainty he/she may feel concerning an answer. |
| | 6. Ask the witness to mentally recreate the circumstances of the event (e.g., "Think about your feelings at the time"). |
| | 👁 Recreating the circumstances of the event makes memory more accessible. Instruct the witness to think about his/her thoughts and feelings at the time of the incident. |
| | 7. Encourage nonverbal communication (e.g., drawings, gestures, objects). |
| | 👁 Some information can be difficult to express verbally. Witnesses, especially children and witnesses responding in other than their first language, may have difficulty with verbal expression. Witnesses' recall can be enhanced by encouraging them to draw diagrams of the crime scene, perpetrator's scars, and so forth or to use gestures to demonstrate actions. |
| **Show Slide 36** | 8. Avoid interrupting the witness. |
| **IMPORTANT:** Emphasize the usefulness of allowing "pauses." | 👁 Interrupting the witness during an answer discourages the witness from playing an active role and disrupts his/her memory. Do not immediately continue questioning when a witness pauses after an answer. During a pause, the witness may be collecting his/her thoughts and could continue to provide information, if provided ample time. |
| | 9. Encourage the witness to contact investigators when additional information is recalled. |
| | 👁 Witnesses will often remember additional, useful information after the interview. Remind the witness that any information, no matter how trivial it may seem, is important. |
| **Show Slide 37** | 10. Instruct the witness to avoid discussing details of the incident with other potential witnesses. |
| | 👁 Witnesses should not hear others' accounts because they may be influenced by that information. The independence of witnesses is important for corroboration of the information they have provided with other witnesses' statements and other evidence in the investigation. |