**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | **Case No. 1:21-cr-00245-AJT** |
| ) | |
| **IGOR Y. DANCHENKO,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT IGOR DANCHENKO'S MOTIONS *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT THAT MR. DANCHENKO PROVIDED FALSE STATEMENTS THROUGH CONCEALMENT OR OMISSION
AND TO EXCLUDE EVIDENCE REGARDING THE MATERIALITY OF UNCHARGED ALLEGEDLY FALSE STAEMENTS**

For the reasons detailed herein, Defendant Igor Danchenko, through counsel, respectfully requests that the Court preclude the Special Counsel from presenting certain irrelevant, unduly prejudicial, misleading, and confusing evidence including, (1) evidence or argument that Mr. Danchenko concealed, withheld, or omitted information in response to questions by FBI agents, and (2) evidence or argument regarding the materiality of uncharged statements or omissions.

**ARGUMENT**

Only relevant evidence is admissible. *See* Fed. R. Evid. 402. Evidence is only relevant if it tends to make a legally consequential fact (a fact that is ***of consequence in determining the action***) more or less probable. *See* Fed. R. Evid. 401. Moreover, this Court has broad discretion to exclude relevant evidence where the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403; *United States v. Grier*, 619 F. App'x 227, 228 (4th Cir. 2015) (citing *United States v. Cole*, 631 F.3d 146, 153 (4th Cir. 2011); *United States v. Johnson*, 617 F.3d 286, 292 (4th Cir. 2010).

1

The charges against Mr. Danchenko are narrow and straightforward. Pursuant to 18 U.S.C. § 1001(a)(2), which criminalizes affirmative materially false statements or representations, the Special Counsel alleges that Mr. Danchenko lied about two specific events. As the Special Counsel correctly noted in its motions *in limine*, "[a] jury will have to decide *only* whether the defendant knowingly and willfully made materially false statements to the FBI regarding his sourcing for information reflected in the Steele Reports. ***Nothing more, nothing less***." SCO Motion at 34 (emphasis added). Accordingly, Mr. Danchenko respectfully requests that this Court preclude the Special Counsel from muddying the waters, prejudicing Mr. Danchenko, and confusing or influencing the jury by introducing evidence and argument that is irrelevant to the ***only questions before the jury*** – (1) whether Mr. Danchenko made affirmative false statements to the FBI as charged in Counts 1 through 5 of the Indictment, and (2) whether each allegedly false statement, when analyzed independently, is material because it had the tendency or capability to influence a specific government decision.

**I. The Special Counsel Charged Mr. Danchenko With Affirmatively Making False Statements or Representations. Accordingly, the Court Should Preclude the Special Counsel from Presenting Irrelevant and Unduly Prejudicial Evidence or Argument to Suggest that Mr. Danchenko Concealed, Withheld, or Omitted Information in Response to Questions from the FBI.**

Perhaps recognizing the weakness of its case, the Special Counsel has begun to argue that Count One should survive because, according to the Special Counsel, Mr. Danchenko should have known that the FBI was interested in all communications he had with Dolan and he did not disclose a single email communication with Dolan in response to questioning by and FBI agent. Further, the Special Counsel has referenced the fact that Mr. Danchenko did not provide the FBI with two additional emails he sent to Sergei Millian in connection with the false statements charged in Count Two through Five. Evidence and argument that suggest Mr. Danchenko omitted information are

irrelevant, unduly prejudicial, would result in a fatal variance from the Indictment, and are impermissible 404(b) evidence.

With respect to Count One, the Special Counsel should not be permitted to argue that Mr. Danchenko knew the FBI was interested in email communications and omitted such information from his answer. Such an argument would be a false statement by omission or concealment theory under 18 U.S.C. § 1001(a)(1), which is not what the Special Counsel charged here. The Special Counsel cannot now pursue a charge it chose not to indict. Doing so would violate Mr. Danchenko's Fifth Amendment right to be indicted by a grand jury and would result in a fatal variance from the indictment. *See United States v. Ashley*, 606 F.3d 135, 141 (4th Cir. 2010) ("'When the government, through its presentation of evidence or its argument, or the district court, through its instructions to the jury, or both, broadens the bases for conviction beyond those charged in the indictment, a constructive amendment—sometimes referred to as a fatal variance—occurs.' [ ] To constitute a constructive amendment, the variance must in essence 'change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment.'"). (Internal citations omitted). Moreover, such a theory would be legally unsound because Mr. Danchenko was not under a duty to disclose such information to the FBI. "Ordinarily, a defendant may not be convicted of concealment unless the defendant had a duty to disclose."[1] *United States v. Richeson*, 825 F.2d 17, 20 (4th Cir. 1987) (citing *United States v. Irwin*, 654 F.2d 671, 678-79 (10th Cir. 1981), *cert. denied*, 455 U.S. 1016, 102 S.Ct. 1709, 72 L.Ed.2d 133 (1982)). In fact, the Government, through the Federal Law Enforcement Training Centers, admonishes witnesses: "Do not volunteer information. If a question can be answered with a simple

---

[1] Mr. Danchenko was never asked to provide all correspondence with Dolan or Millian and Mr. Danchenko never received a subpoena requesting such correspondence.

3

yes or no, just respond in that way." Federal Law Enforcement Training Centers Training Video, "Introduction and Basic Witness Skills" at 4:05 – 5:30 (https://www.fletc.gov/video/introduction-and-basic-witness-skills).

Further, the Special Counsel should not be permitted to present evidence or argument that suggests Mr. Danchenko made *other* omissions to the FBI. Such evidence and arguments are impermissible under Federal Rules of Evidence 404(b) and 403. Federal Rule of Evidence 404(b)(1) prohibits introducing evidence of a prior crime, wrong, or act as evidence of a person's bad character "to show that on a particular occasion the person acted in accordance with the character." *Carlisle v. Allianz Life Ins. Co. of N. Am.*, 2021 WL 5104693, at *1 (E.D. Va. Aug. 26, 2021), aff'd, 2021 WL 5104694 (E.D. Va. Oct. 14, 2021). Federal Rule of Evidence 403 allows the Court to exclude even relevant evidence where the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Allowing the Special Counsel to present such evidence and arguments to the jury will confuse jurors and create an impermissible risk that a juror will find that other *uncharged* omissions were somehow improper (they were not) and that Mr. Danchenko made the alleged false statements at issue in accordance with that bad character. Similarly, a juror may find that an omission is enough to prove a false statement under 18 U.S.C. § 1001(a)(2); it is not.[2]

---

[2] This is not a case of *omission*. *See* 18 U.S.C. § 1001(a)(1). The Special Counsel brought five counts alleging that Mr. Danchenko made affirmative false statements. *See* 18 U.S.C. § 1001(a)(2). The Special Counsel should be limited to evidence and arguments relevant to the actual charges against Mr. Danchenko. Nothing more, nothing less.

## II. The Special Counsel Bears the Burden to Prove That Each Charged Statement is Both False and Material. Accordingly, the Court Should Preclude the Special Counsel from Presenting Irrelevant Evidence or Argument Regarding the Materiality of Any Uncharged Statements or Omissions.

In any criminal prosecution, the Government must prove every element of the alleged crime beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 365 (1970) (reflecting that the prosecution must prove beyond a reasonable doubt "the existence of every fact necessary to constitute the crime charged"). In a false statements prosecution pursuant to 18 U.S.C. § 1001(a)(2), the Government must prove that the defendant knowingly and willfully made a false, material statement or representation in a matter within the jurisdiction of a department or agency of the United States. *United States v. Stover*, 499 Fed. App'x 267, 272–73 (4th Cir.2012) (citing *United States v. Camper*, 384 F.3d 1073, 1075 (9th Cir.2004)). For each charged statement, the Special Counsel must prove that the statement is both false and material. *See* 18 U.S.C. § 1001(a)(2). A statement is material if it has a natural tendency to influence, or is capable of influencing, a particular decision of the agency to which it is addressed. *United States v. Gaudin*, 515 U.S. 506, 509 (1995) (citations omitted); *United States v. Purpera*, 844 F. App'x 614, 633 (4th Cir.), *cert. denied*, 211 L. Ed. 2d 117, 142 S. Ct. 256 (2021) (citing *United States v. Hamilton*, 699 F.3d 356, 362 (4th Cir. 2012)). A statement is not material if it is merely of general interest to the government. *Id*. Rather, the statement must be capable of influencing a particular government decision. *Id*. Accordingly, for each count in the Indictment, the Special Counsel must prove that each alleged false statement, considered independently, is material because the statement itself could influence a specific government decision.

Here, the Special Counsel charged Mr. Danchenko with making five specific affirmative false statements. The Special Counsel must prove beyond a reasonable doubt that each of those five charged statements are independently false and material. Evidence or argument about

5

uncharged statements, representations, or omissions is entirely irrelevant to whether each charged statement is both false and material. Evidence or argument about uncharged statements, representations, or omissions also presents a significant risk of confusing the jury and influencing the jury to consider uncharged conduct rather than deciding whether the Special Counsel has met its burden to prove that each of the five charged statements are both false and material. Accordingly, Mr. Danchenko respectfully requests that this Court preclude the Special Counsel from presenting evidence or argument about uncharged statements, representations, or omissions as irrelevant and unduly prejudicial and confusing. *See* Fed. R. Evid. 402 and 403.

## CONCLUSION

Based on the foregoing, Defendant Igor Danchenko respectfully requests that the Court grant his motions *in limine* and preclude the Special Counsel from presenting (1) evidence or argument that Mr. Danchenko concealed, withheld, or omitted information in response to questions by FBI agents, and (2) evidence or argument regarding the materiality of uncharged statements or omissions.

Dated: October 3, 2022          Respectfully submitted,

                                         IGOR DANCHENKO
                                         By Counsel

                                         /s/
                                         Stuart A. Sears (VSB 71436)
                                         Danny Onorato (Pro Hac Vice)
                                         SCHERTLER ONORATO MEAD & SEARS, LLP
                                         555 Thirteenth Street, NW
                                         Suite 500 West
                                         Washington, DC 20004
                                         Ph: 202-628-4199
                                         Fax: 202-628-4177
                                         ssears@schertlerlaw.com
                                         donorato@schertlerlaw.com

## **CERTIFICATE OF SERVICE**

I certify that on October 3, 2022, I electronically filed a true and accurate copy of the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties.

                                        /s/
                                Stuart A. Sears (VSB 71436)
                                Danny Onorato (Pro Hac Vice)
                                SCHERTLER ONORATO MEAD & SEARS, LLP
                                555 Thirteenth Street, NW
                                Suite 500 West
                                Washington, DC 20004
                                Ph: 202-628-4199
                                Fax: 202-628-4177
                                ssears@schertlerlaw.com