UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 1:21-cr-00245-AJT |
| ) | |
| IGOR Y. DANCHENKO, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT IGOR DANCHENKO'S
MOTION *IN LIMINE* TO LIMIT THE TESTOMONY OF CHARELS DOLAN**

For the reasons detailed below, Defendant Igor Danchenko, by and through counsel, respectfully submits this Motion *in Limine* to preclude evidence, testimony, or argument that Charles Dolan jokingly and baselessly speculated that Igor Danchenko may have been associated with the Russian government.

**INTRODUCTION**

Based upon statements by the Special Counsel at the motions hearing before the Court on September 29, 2022, and information included in the proposed trial exhibits submitted by the Special Counsel, it appears that the Special Counsel intends to present evidence and testimony concerning Charles Dolan's speculative belief that Mr. Danchenko may have worked for the Russian government. *See* Government Exhibit 709 (June 10, 2016 Email) ("[Mr. Danchenko] is too young for KGB. But I think he worked for FSB [Russian Federal Security Service]. Since he told me he spent two years in Iran. And when I first met him he knew more about me that I did. ;-)"; *see also* Government Exhibit 717 (January 13, 2017 Email) ("I've been interviewed by the Washington Post and the London Times – three times over the last two days over the MI-6 Dossier on Trump and I know the Russian agent who made the report. (He used to work for me)").

1

The exhibits and any testimony or argument concerning Mr. Dolan's conjecture is wholly irrelevant, inadmissible, and unreliable.  In addition, Mr. Dolan's "half-joking" comments to third parties are far more prejudicial than probative and must be excluded under the Fed. R. Evid. Rule 403 balancing test.

First, the evidence has no bearing on the only issue before the jury with respect to Mr. Dolan, which is simply whether Mr. Danchenko had "talked" with Mr. Dolan about any specific information contained in the Company Reports.  Second, undermining any credible claim of reliability and admissibility, the email on its face suggests that Mr. Dolan was joking when he wrote it because he included a winking smile emoticon at the conclusion of the June 10, 2016 email.  Third, Mr. Dolan explained to investigators that when he made reference to Mr. Danchenko as a Russian agent, "he was just having some fun with an old friend, but there was some truth there, however [he] could not be 100% sure." (Notes of September 7, 2021, Interview of Charles Dolan).[1]  Fourth, Mr. Dolan's reference to Mr. Danchenko's alleged work in Iran is irrelevant to the single charged false statement concerning Mr. Dolan.  Finally, Mr. Dolan's joking conclusion should be seen for what it is; a prejudicial conclusion based on Mr. Danchenko's status as an ethnic Russian national. This wholly irrelevant and prejudiced attempt at humor has no place in a criminal trial.  By reference, Mr. Danchenko incorporates and adopts the arguments raised in Docket 84, his Opposition to the Government's Motion in Lime to exclude evidence of a similar nature.

## ARGUMENT

One "revered and longstanding policy" in our criminal justice system is that "an accused is tried for *what* he did, not *who* he is." *United States v. Hall,* 858 F.3d 254, 266 (4th Cir. 2017)

---

[1] In his initial interview with investigators on August 31, 2021, Dolan "stated that he never had a feeling that Danchenko was a Russian intelligence officer. [He] stated, he 'had no reason to believe it,' and it 'never crossed my mind.'" (Notes of August 31, 2021, Interview of Charles Dolan).

(quoting *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014)) (emphasis in original). Therefore, the general prohibition against admitting character evidence in Federal Rule of Evidence 404(b) "protects against juries trying defendants for *prior acts* rather than *charged acts*. *Id*. (quoting *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997)) (emphasis in original).

Character evidence often offers only "slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened […]. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened." *See* Fed. R. Evid. 404 (Advisory Committee Notes, 1972 Proposed Rules).

To protect defendants from the risk of prejudice associated with character evidence, the Government bears the burden to prove that the prior alleged bad act is admissible for a "proper, non-propensity purpose," such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id*. (quoting Fed. R. Evid. 404(b)(2)). To satisfy this burden, the Government must prove the evidence is "relevant to an issue, such as an element of an offense," and ***not*** to "establish the general character of the defendant." *Id*. (citing *Queen*, 132 F.3d at 997). The Government must also demonstrate that evidence is necessary in the sense that it is probative of an essential claim or element of the offense, that the evidence is reliable, and that the probative value not substantially outweighed by confusion or unfair prejudice. *Id*.

The proffered evidence and testimony do not fit into any rule that would permit its admission and is also excludable pursuant to the Rule 403 balancing test. The Court should exclude "evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. no bearing on an issue before the jury." Fed.

R. Evid. 403.

Here, the Rule 403 factors heavily favor excluding Mr. Dolan's baseless and prejudiced speculation. Mr. Dolan's joking and theoretical emails would unfairly prejudice Mr. Danchenko, confuse the issues to be decided at trial, mislead the jury based on a groundless conclusion by a lay witness with no actual knowledge, and would have no bearing on any issue before the jury. As such, there is no basis for admission of the proposed exhibits and related testimony.

## CONCLUSION

Based on the foregoing, Defendant Igor Danchenko respectfully requests that this Court grant this Motions *in Limine* and preclude the Special Counsel from presenting any evidence (including the emails contained in Proposed Trial Exhibits 709 and 717), testimony, or argument concerning Mr. Dolan's prejudiced and baseless joke that he believed Mr. Danchenko might have been affiliated with the Russian government.

Dated: October 1, 2022                      Respectfully submitted,

                                            IGOR DANCHENKO
                                            By Counsel

                                            _____/s/_____
                                            Stuart A. Sears (VSB 71436)
                                            Danny Onorato (Pro Hac Vice)
                                            SCHERTLER ONORATO MEAD & SEARS, LLP
                                            555 Thirteenth Street, NW
                                            Suite 500 West
                                            Washington, DC 20004
                                            Ph: 202-628-4199
                                            Fax: 202-628-4177
                                            ssears@schertlerlaw.com
                                            donorato@schertlerlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2022 I electronically filed a true and accurate copy of the foregoing motion with the Clerk of Court using the CM/ECF system, which will send automatic notice of such filing to all counsel for record.

/s/
Stuart A. Sears (VSB 71436)
Danny Onorato (Pro Hac Vice)
SCHERTLER ONORATO MEAD & SEARS, LLP
555 Thirteenth Street, NW
Suite 500 West
Washington, DC 20004
Ph: 202-628-4199
Fax: 202-628-4177
ssears@schertlerlaw.com