UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.    ) | Case No. 1:21-cr-00245-AJT |
| ) | |
| IGOR Y. DANCHENKO,     ) | |
| ) | |
| Defendant.      ) | |

**DEFENDANT'S MEMORANDUM REGARDING DISPUTED JURY INSTRUCTIONS**

Defendant Igor Danchenko, by and through counsel, respectfully submits the following argument regarding disputed jury instructions. In support of his argument, Mr. Danchenko provides the following:

I. **"Presumption of Innocence, Burden of Proof, and Reasonable Doubt" (Defendant's Proposed Instruction 28/Government's Proposed Instruction A)**

It appears from the government's submission that this instruction is no longer in dispute and the parties have proposed the same language for this instruction.

II. **"False, fictitious, or Fraudulent Statements or Representations" (Defendant's Proposed Instruction 29/Government's Proposed Instruction B)**

Both the defendant's and the government's proposed instructions on the definition of a false, fictitious, or fraudulent statement are in accord through the first two sentences. Mr. Danchenko has proposed additional language that accurately states the law as found by both the Supreme Court in *Bronston v. United States*, 409 U.S. 352, 362 (1973), and the Fourth Circuit in *United States v. Good*, 326 F.3d 589, 592 (4th Cir. 2003), and *United States v. Baer*, 92 F. App'x. 942, 946 (4th Cir. 2004). Mr. Danchenko submits that it is crucial to his defense that the jury be instructed that a literally true statement cannot be false because his statement to the FBI that he had never "talked" with Dolan about information that ended up in the dossier was, in fact, literally

1

true. Moreover, to the extent the government will argue that the word "talked" is susceptible to more than one interpretation, the jury should similarly be instructed that if they find the term "talked" to be fundamentally ambiguous, they cannot convict Mr. Danchenko for making a false statement on Count 1, regardless of Mr. Danchenko's answer. Likewise, the jury should be instructed that even if the question posed by the FBI was only arguably ambiguous, the government has the burden to disprove any and all reasonable interpretations of the question that would make Mr. Danchenko's response literally true or factually correct.

The instruction proposed by Mr. Danchenko correctly states the law and, therefore, should be given to the jury in order to provide a more specific and detailed instruction that is applicable to the facts of this case.[1] Mr. Danchenko would not object to the incorporation of some language from the government's proposed instruction that would provide additional guidance should the jury determine that the FBI Agent's question was arguably ambiguous. Specifically, Mr. Danchenko would not object to the Court including the following language at the end of his proposed instruction:

> Where a question posed to a defendant is arguably ambiguous, such that it is susceptible to more than one interpretation, and a defendant's answer is true under one understanding, but false under another, you, as the jury, must determine whether the defendant knew that his answer to the question was false. In making this determination, you may not isolate the question from its context.

---

[1] *See* O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 7:2 (6th ed.) ("Although a judge may use 'boilerplate' instructions to give expression to the common principles of law often repeated, the judge should take no umbrage in being furnished pertinent instructions on the points of law in every case."). "A further word of caution is appropriate in connection with the use of standard forms of jury instructions. They may not be swallowed whole. They are intended as an aid to the preparation of appropriate instructions in a particular case. Each case has its own peculiar facts, and formalized instructions must be tailored to the requirements of the facts of the given case." *Id*.

2

The above language should only be included if the instruction also makes clear (through the language proposed in Mr. Danchenko's instruction) that the government has the burden to prove Mr. Danchenko's statement is false under every reasonable interpretation of the ambiguous question. The remainder of the government's proposed instruction is confusing, unnecessary, and repetitive, and should not be included.

### III. "Knew" or "Knowingly" – Defined (Defendant's Proposed Instruction 30/Government's Proposed Instruction C)

Both parties' instructions are identical through the first sentence. However, Mr. Danchenko now proposes a new instruction that removes the language "or omission" from the first sentence. *See* Attachment 1 (Defendant's Proposed Instruction 30-1). As Mr. Danchenko argued in his Motion to Dismiss the indictment, the government did not charge Mr. Danchenko with false statements by omission but, rather, false statements by affirmative misrepresentation. In order to avoid any confusion and the potential that a jury could convict Mr. Danchenko on a theory of guilt not found by the grand jury and not charged in the indictment, any reference to omission should be removed from the instructions.

The second sentence proposed by Mr. Danchenko is a correct statement of law that provides the jury with additional instruction on an allegation that is repeated in four of the five charged counts – that Mr. Danchenko "believed" an anonymous caller may have been Millian. The veracity of Mr. Danchenko's beliefs are on trial in Counts Two through Five and there can be no dispute that a statement that a person believes to be true cannot be knowingly false, even if, for example, it later turned out to not be true. That principle should be made clear to the jury in the instructions and this Court approved almost identical language in *United States v. Jadue*, Case No. 1:13-cr-499-AJT (Dkt. 72-5) at 33 (July 9, 2014).

IV.  **"Willfully" – Defined (Defendant's Proposed Instruction 31/Government's Proposed Instruction D)**

Mr. Danchenko submits that it would be error to not include the second sentence provided in his proposed jury instruction on "willfully" that requires a finding of an intention to do something the law forbids. That is exactly what the Supreme Court held in *Bryan v. United States*, 524 U.S. 184, 191-92 (1998) ("As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a 'bad purpose.' In other words, in order to establish a "willful" violation of a statute, 'the Government must prove that the defendant acted with knowledge that his conduct was unlawful.'") (internal citations omitted).  The third sentence in Mr. Danchenko's instruction merely provides additional explanation for the concept expressed in the previous sentence and should be included so that the jury has a clear understanding of the willfulness instruction.

V.  **"Materiality" – Defined (Defendant's Proposed Instruction 32/Government's Proposed Instruction E)**

The parties' proposed instructions are identical except for the final sentence.  The government objects to the inclusion of Mr. Danchenko's proposal to include language that a statement regarding a trivial detail is not material and that a statement may be relevant but not material.  Mr. Danchenko submits that the trivial detail language comports with the holdings in multiple cases and provides further elucidation on a concept of materiality that might inherently be confusing to the jury.  *See United States v. White*, 765 F.2d 1469, 1472 (11th Cir. 1985) (materiality standard ensures "trivial falsifications" are not prosecuted); *Weinstock v. United States*, 231 F.2d 699, 701 (D.C. Cir. 1956) ("To be 'material' means to have probative weight, *i.e.*, reasonably likely to influence the tribunal in making a determination required to be made."); *United States v. Steele*, 933 F.2d 1313, 1315 (1991) (materiality serves "to exclude trivial

4

falsehoods from the purview of the statute"); *see also United States v. McComber*, No. CR ELH-21-36, 2021 WL 5760731, at *7 (D. Md. Dec. 3, 2021) ("A 'material fact' is defined as 'one which has a natural tendency to influence or is capable of affecting or influencing a government function. That is, it must relate to an important fact as distinguished from some unimportant or trivial detail.'") (quoting Leonard B. Sand, *et al.*, Modern Federal Jury Instructions, Criminal Instruction 18.3).

Moreover, Mr. Danchenko submits that it is important for the jury to understand that there exists a distinction between what is relevant and what is material. It is unlikely to be in dispute among the parties that not every statement that is relevant is material for the purposes of the false statement statute. The jury should likewise be made aware that materiality requires a showing of some probative weight that is capable of influence, as opposed to a statement that is merely relevant to a government investigation.

## VI. The Good Faith Defense (Defendant's Proposed Instruction 33/Government's Proposed Instruction F)

As noted in the citations provided in Mr. Danchenko's proposed jury instructions, his Good Faith Defense instruction is adapted from the O'Malley book but has been modified to track the language this Court accepted in *United States v. Jadue*, Case No. 1:13-cr-499-AJT (Dkt. 72-5) at 37-8 (July 9, 2014). Mr. Danchenko has proposed additional language to the second paragraph of his original proposed instruction[2] in order to incorporate language from the Supreme Court that makes clear that a defendant can be found to have acted in good faith even if his truly held belief was objectively unreasonable or irrational:

> We thus disagree with the Court of Appeals' requirement that a claimed good-faith belief must be objectively reasonable if it is to be considered as possibly negating the Government's evidence purporting to show a

---

[2] *See* Attachment 2 (Defendant's Proposed Instruction 33-1).

> defendant's awareness of the legal duty at issue. Knowledge and belief are characteristically questions for the factfinder, in this case the jury. Characterizing a particular belief as not objectively reasonable transforms the inquiry into a legal one and would prevent the jury from considering it. It would of course be proper to exclude evidence having no relevance or probative value with respect to willfulness; but it is not contrary to common sense, let alone impossible, for a defendant to be ignorant of his duty based on an irrational belief that he has no duty, and forbidding the jury to consider evidence that might negate willfulness would raise a serious question under the Sixth Amendment's jury trial provision.

*See Cheek v. United States*, 498 U.S. 192, 203 (1991).

The government's proposed instruction includes language regarding an intent to defraud, which is not an element of the charged offenses in this case. The third paragraph in the government's proposed instruction, while perhaps applicable in some instances, is confusing in relation to the facts of this case and arguably would allow the jury to find that Mr. Danchenko both truly believed the anonymous caller was Millian but also made a false statement by recounting that truly held belief to the FBI. ("A defendant does not act in "good faith" if, even though the defendant honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others."). The only alleged false statements related to the Millian counts are that Mr. Danchenko received a call from a person he believed to be Millian when he knew Millian had never called him and he had never spoken with Millian. For that reason, it would be inappropriate to include the government's proposed language. In addition, the language contained in paragraph 5 of the government's instruction, "and an intention to avoid taking unfair advantage" is inapplicable to the false statements charged in this case. Finally the last sentence of the government's proposed instruction is confusing as to whether the "reasonable doubt" language applies both to the jury's evaluation of whether the defendant acted knowingly and willfully and/or whether he acted in good faith.

6

### VII. Nature of the Offense Charged (Defendant's Proposed Instruction 34/Government's Proposed Instruction G)

Mr. Danchenko has proposed a modified version of his original Nature of the Offense Charged instruction that more closely tracks the language of the indictment with regard to the charged counts. *See* Attachment 3 (Defendant's Proposed Instruction 34-1).

WHEREFORE based on the foregoing reasons, undersigned counsel respectfully asks this Honorable Court to provide the jury with his proposed instructions.

Dated: October 9, 2022                      Respectfully submitted,

                                             /s/
                                Stuart A. Sears (VSB 71436)
                                SCHERTLER ONORATO MEAD & SEARS, LLP
                                555 13th Street, NW
                                Suite 500 West
                                Washington, DC 20004
                                Ph: 202-628-4199
                                Fax: 202-628-4177
                                ssears@schertlerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October, 2022, I electronically filed a true copy of the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties.

                                                      /s/
                                        Stuart A. Sears (VSB 71436)
                                        SCHERTLER ONORATO MEAD & SEARS, LLP
                                        555 13th Street, NW
                                        Suite 500 West
                                        Washington, DC 20004
                                        Ph: 202-628-4199
                                        Fax: 202-628-4177
                                        ssears@schertlerlaw.com