IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 21-CR-245 (AJT) |
| v. : | |
| : | |
| IGOR Y. DANCHENKO, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S BRIEF ON CONTESTED PROPOSED JURY INSTRUCTIONS**

The United States of America, by and through its attorney, Special Counsel John H. Durham, respectfully submits this brief pursuant to the Court's Trial Order to state its objections to the following instructions proposed by the Defendant.

I. **Defendant's Proposed Instruction 29 (False, fictitious or fraudulent statements or representations)**

The Government objects to Defendant's proposed Instruction 29. First, Defendant's proposed instruction "modifies" O'Malley, Greenig and Lee's "Federal Jury Practice and Instruction," 6th ed. 2015, ("O'Malley") by rewriting the second sentence of the instruction to substitute the phrase "false or fictitious statement" in place of "fraudulent representation." The defendant further modifies the text of the original instruction to include the phrase "and not as a result of confusion, mistake or an error of fact." Neither of these modifications are appropriate as they misstate the law and improperly weave in language about defenses, such as mistake of fact or confusion.

In addition to improperly modifying the O'Malley instruction, the defendant includes definitions for "literal truth" and "fundamental ambiguity." As an initial matter, in denying the

1

defendant's motion to dismiss, the Court found that the question at issue in Count One was not "fundamentally ambiguous." Further, there is no basis to include these terms, which would unnecessarily confuse the jury. Instead, the Government believes that its proposed language about "arguable ambiguity" is more appropriate and narrowly tailored to the facts of this case. The Government's proposed instruction is based on *United States v. Sarwari*, 669 F.3d 401, 407-409) (4th Cir. 2012), in which the Fourth Circuit specifically defines "arguable ambiguity."

## II.     Defendant's Proposed Instruction 30 ("Knowingly")

The Government objects to Defendant's proposed Instruction 30 because it modifies the standard O'Malley instruction by importing inaccurate language about the good faith defense into this instruction about state of mind. The good faith defense instruction in O'Malley is extensive and sufficiently addresses the issue of good faith belief. Moreover, the language proposed by Defendant here directly conflicts with the O'Malley good faith instruction, which states that "[a] defendant does not act in "good faith" if, even though the defendant honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others."

## III.    Defendant's Proposed Instruction 31 ("Willfully")

The Government objects to the Defendant's proposed Instruction 31. The defendant adds two additional sentences to the standard instruction. The second sentence the defendant has added, which defines willfully as an act done with "a bad purpose to disobey the law," overstates the government's burden of proof. For purposes of false statement charges under 18 U.S.C. § 1001, there is "no purpose requirement." *United States v. Rodriguez-Rios*, 14 F.3d 1040, 1048 n. 21 (5th Cir. 1994) (en banc) (contrasting the federal false statement statute, which "has no purpose requirement" with the transaction structuring statutes (31 U.S.C. §5322(a); 5324) which require a

showing of a purpose to evade the specific statute or requirement); (citing *Ratzlaf v. United States*, 510 U.S. 135 (1994)).  More particularly, there is certainly no "bad purpose to disobey the law" requirement under 18 U.S.C. § 1001.  This language would impermissibly lead the jury to believe that the government must prove that the defendant's purpose in lying was specifically to violate 18 U.S.C. § 1001, which is not the law.  Finally, the third sentence that Defendant adds to this instruction again improperly imports the good faith defense into a state of mind instruction.  As discussed above, the O'Malley good faith defense already covers this.

### IV.   Defendant's Proposed Instruction 32 (Materiality)

The Government objects to the Defendant's proposed Instruction 32, which adds an additional sentence to the standard O'Malley instruction, which incorrectly states the law.  The standard instruction already contrasts the term "material" with the terms "ancillary", "non-determinative", and "trivial".  "Relevant" is not a synonym for those terms, and by adding Defendant's proposed sentence, it improperly heightens the materiality standard and would unnecessarily confuse the jury.   The Government submits that the standard O'Malley instruction should be given.

### V.   Defendant's Proposed Instruction 33 (Good Faith Defense)

The Government objects to the Defendant's proposed Instruction 33, which again changes the standard O'Malley instruction in material respects that misstates the law and risks confusing the jury.  For example, Defendant's instruction proposes to substitute the language "[a]n honest mistake in judgement or error in management does not rise "*to the level of knowledge and willfulness required by the statute*" for the standard language which is "intent to defraud."  This imprecise language is unhelpful to the jury and obscures the required *mens rea*.  Next, Defendant's proposed instruction completely removes the critical sentence (sentence 3 of the standard

O'Malley instruction) that provides an important limitation on the good faith defense. Similarly, the third sentence of defendant's proposed instruction, "*The law is intended to subject to criminal punishment only those people who act knowingly and willfully,*" improperly characterizes the intent of the statute at issue here, which is to protect the authorized functions of government agencies from the ill effects on their function from false statements. It also removes the language tying in the charged acts—false statements. As constructed, it is largely meaningless and would confuse the jury. The fourth sentence of the proposed instruction improperly substitutes the phrase "an intention to comply with known legal duties." This misstates the law. There is no requirement that a defendant specifically intend to violate the false statements statute. The fifth sentence of Defendant's proposed instruction misstates the government's burden by stating that the jury must determine "whether or not the government has proven that the defendant acted in good faith or acted knowingly and willfully." Similarly, Defendant's final sentence in the proposed instruction removes important language about the charged offenses, and thus misstates the law and risks confusing the jury. The Government's proposes that the standard O'Malley instruction should be given only.

Respectfully submitted,

JOHN H. DURHAM
Special Counsel

By:

/s/ _____
Michael T. Keilty
Assistant Special Counsel
Michael.Keilty@usdoj.gov

Brittain Shaw
Assistant Special Counsel
Brittain.Shaw@usdoj.gov

4