IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 21-CR-245 (AJT) |
| v. | : | |
| | : | |
| IGOR Y. DANCHENKO, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE*:**

The United States of America, by and through its attorney, Special Counsel John H. Durham, respectfully submits this opposition to the defendant's Motions *In Limine* (Docket Nos. 98, 99). For reasons stated below, the government submits that the motions should be denied.[1]

I.  **Victim Witness "Tips for Testifying" in Court Guides Are Irrelevant Here and Should be Excluded**.

Defendant has informed the Government that he does not plan to offer the evidence described in Docket No. 98. Accordingly, Defendant's motion should be dismissed as moot.

II. **Defendant's Failure to Provide the FBI with Email Communications with Charles Dolan and Sergei Millian is Direct Evidence of the Charged False Statements**

Defendant seeks to exclude evidence and argument concerning the Defendant's failure to provide his email communications with Charles Dolan and Sergei Millian to the FBI. In so moving, the Defendant suggests that the admission of this evidence would effect a fatal variance, because the Defendant has been charged with affirmative false statements, not for a fraudulent

---

[1] The Government does not intend to offer into evidence the Charles Dolan emails in which he suggests that the Defendant is a current or former Russian intelligence agent, which are the subject of the Defendant's third motion *in limine*. (Docket No. 100). Accordingly, that motion should be denied as moot.

1

omission. Alternatively, defendant advances that this evidence is impermissible propensity evidence under Federal Rule of Evidence 404(b).

Defendant's motion should be denied. *First*, there is no fatal variance issue in the admission of the evidence concerning the Defendant's failure to provide the FBI with these emails because the emails themselves (and the circumstances by which the FBI came to possess them) are direct evidence of the charged affirmative false statements. *See, e.g., United States v. Kennedy,* 32 F.3d 876 (4th Cir. 1994) (holding that Rule 404(b) is not applicable to evidence that is necessary to complete story of the charged crime). *Second*, the fact that the Defendant did not provide the FBI these emails or records is direct evidence of the Defendant's state of mind and intent and are direct evidence of the false statement charges returned by the grand jury. It is well established that evidence of conduct intrinsic to the alleged crime is admissible and is not propensity evidence subject to Federal Rule of Evidence 404(b). *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996) (collecting cases and stating that "where [evidence] is admitted to acts intrinsic to the crime] charged, and not admitted solely to demonstrate bad character, it is admissible). Accordingly, the government submits that the Defendant's motions *in limine* should be denied.

          Respectfully submitted,

          JOHN H. DURHAM
          Special Counsel

          By:

          /s/_____
          Michael T. Keilty
          Assistant Special Counsel
          Michael.Keilty@usdoj.gov

Brittain Shaw
Assistant Special Counsel
Brittain.Shaw@usdoj.gov