## INSTRUCTION NO. 1

### Introduction to the Final Charge – Province of the Court and of the Jury

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel may quite properly refer to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than

1

that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

**INSTRUCTION NO. 2**

<u>Judging the Evidence</u>

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant is proven guilty beyond a reasonable doubt, say so.  If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

## INSTRUCTION NO. 3

<u>Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted</u>

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated; and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you should accept the stipulation as evidence and should regard that fact as proved.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted

to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

**INSTRUCTION NO. 4**

<u>Direct and Circumstantial Evidence</u>

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

## INSTRUCTION NO. 5

Inferences from the Evidence

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

**INSTRUCTION NO. 6**

<u>Jury's Recollection Controls</u>

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

8

**INSTRUCTION NO. 7**

<u>The Question is Not Evidence</u>

The questions asked by a lawyer for either party to this case are not evidence.  If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.  Only the answers are evidence.

## INSTRUCTION NO. 8

Court's Comments to Counsel

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

**INSTRUCTION NO. 9**

<u>Typewritten Transcripts of Tape Recorded Conversations</u>

Tape recordings of conversations have been received in evidence and have been played for you. Typewritten transcripts of these tape recorded conversations have been furnished to you. These typewritten transcripts of the conversations are being given to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The tapes themselves are evidence in the case and the typewritten transcripts are not evidence. What you hear on the tapes is evidence. What you read on the transcript is not. If you perceive any variation between the two, you will be guided solely by the tapes and not by the transcripts.

If you cannot, for example, determine from the tape recording that particular words were spoken or if you cannot determine from the tape recording who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

11

**INSTRUCTION NO. 10**

<u>Consider Only the Offense Charged</u>

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

**INSTRUCTION NO. 11**

<u>Consider Each Count Separately</u>

A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

## INSTRUCTION NO. 12

<u>Number of Witnesses Called is Not Controlling</u>

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

## INSTRUCTION NO. 13

### <u>Objections and Rulings</u>

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards.  It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.  Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side.  You should not be influenced against an attorney or his client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

## INSTRUCTION NO. 14

### Credibility of Witnesses - Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimonies of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

16

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

**INSTRUCTION NO. 15**

Credibility of Witnesses—Inconsistent Statements (*falsus in uno falsus in omnibus*)

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

**INSTRUCTION NO. 16**

<u>Effect of the Defendant's Failure to Testify</u>

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.  No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

**INSTRUCTION NO. 17**

<u>The Indictment is Not Evidence</u>

An indictment is only a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant.  The defendant is presumed to be innocent of the crime charged.  Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

## INSTRUCTION NO. 18

### "On or About"— Explained

The indictment charges that the offenses alleged in the indictment were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

## INSTRUCTION NO. 19

<u>Presumption of innocence, burden of proof, and reasonable doubt</u>

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, began the trial with a "clean slate"—with no evidence against the defendant. The indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offenses charged in the indictment, you must find the defendant not guilty of the offenses.

**INSTRUCTION NO. 20**

<u>Statute Defining the Offense – Counts Two through Five</u>
(False Statements)

Section 1001(a)(2) of Title 18 of the United States Code provides, in part, that:

Whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States knowingly and willfully . . . makes any materially false, fictitious or fraudulent statements or representation . . .

shall be guilty of an offense against the United States.

## INSTRUCTION NO. 21

<u>The Essential Elements of the Offense Charged</u>

In order to sustain its burden of proof for the crime of knowingly and willfully making a false statement to the United States government as charged in Counts Two through Five of the indictment, the government must prove the following four (4) essential elements beyond a reasonable doubt:

One:     The defendant made a false, fictitious, or fraudulent statement or representation to the government as detailed in the Count of the indictment under consideration;

Two:     In making the false, fictitious, or fraudulent, statement, the defendant acted willfully, knowing that the statement was false;

Three:   The statement was made in a matter within the jurisdiction of the executive branch of the government of the United States; and

Four:    The statement made be the defendant was material to Federal Bureau of Investigation.

24

**INSTRUCTION NO. 22**

<u>"False, fictitious or fraudulent statements or representations" – Defined</u>

A false or fictitious statement or representation is an assertion which is untrue when made or when used and which is known by the person making it to be untrue.

A fraudulent representation is an assertion which is known to be untrue and which is made or used with the intent to deceive.

25

## INSTRUCTION NO. 23

### <u>"Knowingly" – Defined</u>

The term "knowingly," as used in these instructions to describe the alleged state of mind of a defendant, means that he was conscious and aware of his act, realized what he was doing or what was happening around him, and did not act or fail to act because of ignorance, mistake, or accident.

## INSTRUCTION NO. 24

### "Willfully" – Defined

The term "willfully", as used in these instructions to describe the alleged state of mind of the defendant in Counts Two through Five, means that he knowingly made a false statement, deliberately and intentionally as contrasted with accidentally, carelessly, or unintentionally.

**INSTRUCTION NO. 25**

<u>"Materiality" – Defined</u>

A statement is material if it has a natural tendency to influence, or is capable of influencing, either a discrete decision or any other function of the government agency to which it is addressed. Proof of actual reliance on the statement by the government is not required. Accordingly, the government is not required to prove the statement actually influenced a decision or other function of the FBI.

A false statement's capacity to influence a specific decision of a governmental agency must be measured at the point in time that the statement was uttered.

A statement is not material if it relates to an ancillary, non-determinative fact.

## INSTRUCTION NO. 26

### The Good Faith Defense

The good faith of the defendant is a complete defense to all of the charges in the indictment because good faith on a defendant's part is, simply, inconsistent with a finding of knowingly and willfully making false, fictitious, or fraudulent statements alleged in Counts Two through Five.

A person who acts on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of intent to defraud.

The law is written to subject to criminal punishment only those people who act knowingly and willfully make false, fictitious, or fraudulent statements.

While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

In determining whether or not the government has proven that the defendant acted with an intent to knowingly and willfully make false, fictitious, or fraudulent statements, or whether the defendant acted in good faith, the jury must consider all of the evidence in the case bearing on the defendant's state of mind.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with the intent to knowingly and willfully make false, fictitious, or fraudulent statements.

If the evidence in the case leaves the jury with a reasonable doubt that the defendant acted with an intent to knowingly and willfully make false, fictitious, or fraudulent statements, or a belief that the defendant acted in good faith, the jury must acquit the defendant.

29

**INSTRUCTION NO. 27**

<u>Nature of the Offense Charged</u>

Count Two of the indictment charges that on or about March 16, 2017, within the Eastern

District of Virginia, the defendant did willfully and knowingly make a materially false, fictitious,

and fraudulent statement or representation in a matter within the jurisdiction of the executive

branch of the Government of the United States, namely,

> (i) That the defendant stated to agents of the FBI that he received a late July 2016
> telephone call from an individual who he believed was "probably" Sergei Millian,
> when in truth and in fact, as the defendant well knew, Sergei Millian never called
> Danchenko.

Count Three of the indictment charges that on or about May 18, 2017, within the Eastern

District of Virginia, the defendant did willfully and knowingly make a materially false, fictitious,

and fraudulent statement or representation in a matter within the jurisdiction of the executive

branch of the Government of the United States, namely,

> (i) That the defendant stated to agents of the FBI that he was "under the impression"
> that a late July 2016 telephone call that he received was from Sergei Millian, when
> in truth and in fact, and as the defendant well knew, Sergei Millian never called
> Danchenko.

Count Four of the indictment charges that on or about October 24, 2017, within the Eastern

District of Virginia, the defendant did willfully and knowingly make a materially false, fictitious,

and fraudulent statement or representation in a matter within the jurisdiction of the executive

branch of the Government of the United States, namely,

> (i) That the defendant stated to agents of the FBI that he believed he spoke to Sergei
> Millian on the telephone on more than one occasion, when in truth and in fact, and
> as the defendant well knew, Danchenko never spoke to Sergei Millian.

Count Five of the indictment charges that on or about November 2, 2017, within the Eastern

District of Virginia, the defendant did willfully and knowingly make a materially false, fictitious,

and fraudulent statement or representation in a matter within the jurisdiction of the executive

branch of the Government of the United States, namely,

> (i) That the defendant stated to agents of the FBI that he believed that he had spoken
> to Sergei Millian on the telephone, when in truth and in fact, and as the defendant
> well knew, Danchenko never spoke to Sergei Millian.

## INSTRUCTION NO. 28

Verdict – Election of Foreperson – Duty to Deliberate – Unanimity –
Punishment – Form of Verdict – Communication with the Court

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

32

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A form for the verdicts has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts, date and sign the form, and then return with your verdicts to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the Government has sustained its burden of proof until after you have reached a unanimous verdict.